Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ILYA NEPOMNISHY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXP REALTY OF CALIFORNIA, INC., and ANGAD BHULLAR,<br><br>Defendants. | Case No.: 5:25-cv-09022-EJD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff ILYA NEPOMNISHY ("Plaintiff") brings this First Amended Class Action Complaint and Demand for Jury Trial against Defendant EXP REALTY OF CALIFORNIA, INC., ("Exp Realty") and ANGAD BHULLAR ("Mr. Bhullar" together, "Defendants") to stop their illegal practice of sending telemarketing text messages to the telephones of consumers whose phone numbers are registered on the federal Do Not Call registry, and to obtain redress for all persons injured by their conduct.

## NATURE OF THE ACTION

2. Defendants are residential real estate brokers and agents. Mr. Bhullar solicited the Plaintiff with illegal text messages on behalf of himself and Exp Realty. With Exp Realty's knowledge,

Mr. Bhullar sent thousands of text messages to phones whose phone numbers were registered on the Federal Do Not Call registry.

3. Defendants had not received consent prior to sending these text messages and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. The TCPA is a remedial statute that was passed to protect consumers from unwanted telemarketing. *See* S. Rep. 102-178, at 1, 5 (1991).

5. Congress enacted the TCPA in 1991 to restrict telemarketing equipment that could target millions of consumers *en masse*.

6. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991).

7. Despite such strong legislation passed more than 30 years ago, the same problem persists.

8. The TCPA targets unauthorized telemarketing exactly like that alleged in this case.

9. By sending the text messages at issue, Defendants ignored the privacy and statutory rights of Plaintiff and the Class.

10. Plaintiff therefore seeks an injunction requiring Defendants to stop illegal telemarketing, as well as an award of actual and statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

11. Plaintiff Ilya Nepomnishy is a natural person and is a citizen of San Jose, California.

12. Defendant exp Realty of California, Inc. is a corporation organized and existing under the laws of the State of Washington with its principal place of business at 2219 Rimland Drive, Ste. 301, Bellingham, WA 98226.

13. Defendant Angad Bhullar is Exp Realty's real estate agent residing in Stockton, California.

14. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

15. This Court has personal specific jurisdiction over Defendants because Defendants targeted consumers with their advertisements in California, including to Plaintiff, who resides in Santa Clara County, California. Defendants' marketing towards residents of California is the subject of this dispute from which this lawsuit arises.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case, text messages sent to residents of California, substantially occurred in this District.

**DIVISIONAL ASSIGNMENT**

17. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this action should be assigned under Civil L.R. 3-2(c) and (d) to the San Jose division because it arose in Santa Clara County, CA.

**COMMON FACTUAL ALLEGATIONS**

18. Defendant Exp Realty is a retail real estate brokerage.

19. Defendant Bhullar is a real estate agent for Exp Realty.

20. To increase their sales, with Exp Realty's knowledge, Bhullar amassed a list of thousands of phone numbers purportedly belonging to property owners, and then sent text messages to thousands of these phone numbers.

21. Defendants did not obtain consent from Plaintiff and the Class as required prior to deploying these prohibited messages.

## FACTS SPECIFIC TO PLAINTIFF

22. Plaintiff's number ending in 9409 has been registered on the Federal Do Not Call registry since July 29, 2003. Plaintiff's 9409 number was a residential telephone number used for personal and household purposes and not primarily for business purposes.

23. On September 9, 2025, Plaintiff received two unsolicited text messages from Bhullar on Plaintiff's cell phone ending in 9409:

> Hey Ilya, I might have the wrong number, but I was looking to connect with the owner of 1702 Mount Rushmore Dr. Can you point me in the right direction?
>
> This is Angad Bhullar with EXP Realty.
>
> I noticed 1702 Mount Rushmore Dr came off the market. We help sellers get homes sold faster—often for 10–20% more—by fronting the cost of any needed staging or upgrades. You just pay at closing.
>
> Would that be worth a quick chat? P.S. We also work with investors and can sometimes buy homes ourselves using creative financing—often at full asking price.

24. On September 14, 2025, Plaintiff received another unsolicited text message from Bhullar on behalf of Exp Realty:

> Hi Ilya, just circling back—did you see my last message? I have buyers actively looking in your area, and we're even open to buying directly if it's the right fit.

25. The messages proposed that Plaintiff list his property for sale, use Defendants' brokerage services, or sell directly to Defendants or their investors. These are commercial solicitations.

26. Plaintiff never consented to receive text messages from Defendants. Plaintiff had no relationship with Defendants and had never requested that Defendants contact Plaintiff in any manner.

27. Exp Realty knew about Bhullar sending text messages, because of complaints received and audits performed and could have objected to them, but failed to do so because they desired the increased business.

28. In addition to causing statutory damages, these illegal texts caused annoyance, intrusion on privacy and seclusion, and wasted time to Plaintiff.

**VICARIOUS LIABILITY – ACTUAL AUTHORITY**

29. At all relevant times, Bhullar acted as an agent of Exp Realty in marketing and soliciting real estate brokerage services to prospective clients.

30. The telemarketing text messages at issue were sent for the purpose of generating brokerage business for Exp Realty, including listing agreements, buyer representation agreements, investor transactions, and related real estate services from which Exp Realty would earn commissions and other compensation.

22. Exp Realty authorized Bhullar to market and solicit real estate brokerage services on its behalf and to identify himself as affiliated with and acting for "EXP Realty" in communications with prospective clients.

23. Exp Realty provided Bhullar with access to its brokerage platform, branding, systems, and support infrastructure and retained the right to control the manner and means by which Bhullar marketed Exp Realty's services, including compliance with applicable telemarketing and consumer protection laws.

24. As a licensed brokerage, Exp Realty maintains policies, supervision, and compliance oversight governing its agents' marketing activities and retained the authority to approve, restrict, supervise, discipline, or terminate Bhullar's marketing conduct.

25. Bhullar sent the text messages at issue within the scope of his agency relationship with Exp Realty and in furtherance of Exp Realty's business.

26. Accordingly, Exp Realty is vicariously liable for Bhullar's unlawful telemarketing text messages under principles of agency and actual authority.

**VICARIOUS LIABILITY – APPARENT AUTHORITY**

27. At all relevant times, Exp Realty authorized Bhullar to hold himself out to the public as affiliated with and acting on behalf of "EXP Realty" in connection with the marketing and solicitation of real estate brokerage services.

28. Exp Realty permitted Bhullar to use its name, brand, and affiliation in communications with prospective clients and to represent that he was acting for "EXP Realty."

29. The text messages at issue expressly identified "EXP Realty," and Bhullar communicated with Plaintiff while holding himself out as acting on behalf of Exp Realty.

30. Through its authorization of Bhullar to use its name and affiliation in marketing communications, Exp Realty made manifestations to the public that Bhullar was acting with authority on its behalf in soliciting brokerage business.

31. A reasonable consumer receiving the text messages identifying "EXP Realty" would understand that Bhullar was acting as an authorized representative of Exp Realty and that the solicitation was made on Exp Realty's behalf.

32. Bhullar's telemarketing text messages were sent under the apparent authority conferred by Exp Realty's manifestations and were made for the purpose of generating brokerage business for Exp Realty.

33. After Bhullar made the representation, Exp Realty did nothing to correct the impression that Bhullar had authority to act on behalf of Exp Realty in sending the text messages.

34. Accordingly, Exp Realty is vicariously liable for Bhullar's unlawful telemarketing text messages under principles of apparent authority.

## CLASS ALLEGATIONS

31. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **Class**. All people in the United States (1) whose residential telephone numbers were registered on the National Do Not Call Registry for at least 30 days; (2) who received two or more telephone solicitations from Defendants within a 12-month period; (3) within four years prior to the filing of this Complaint; (4) without prior express invitation, permission, or an established business relationship.

32. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

34. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text messages.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent

counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

36. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether the phone numbers of Plaintiff and the Class were registered on the Do Not Call Registry for more than 30 days at the time the text messages were sent;

ii. Whether Defendants sent 2 or more text messages to the phone numbers of Plaintiff and the Class within a 12 month period;

iii. Whether Defendants' conduct was *willful* and/or *knowing*;

iv. Whether Defendants obtained consent of Plaintiff and the members of the Class;

v. Whether Exp Realty is vicariously liable for the illegal texts sent by Bhullar;

vi. Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

38. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Do Not Call Provision**
**(On behalf of Plaintiff and the Class)**

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. The telephone numbers of Plaintiff and the Class are registered on the Do Not Call Registry.

41. Bhullar sent text messages to the phone numbers of Plaintiff and the Class without having their consent to do so.

42. The foregoing acts and omissions of Defendant and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

43. Defendant's texts were sent for a commercial purpose.

44. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

45. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

46. Plaintiff also seeks a permanent injunction prohibiting Defendant and their agents from sending text messages to residential and wireless telephone numbers listed on the Federal Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the 227(c) of the TCPA;

C. An injunction requiring Defendants to cease sending all unlawful text messages without first obtaining the recipient's consent, and otherwise protecting interests of the Class;

D. An award of damages, including treble damages, and costs; and

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6(a), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: February 11, 2026 Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
Javitch Law Office

3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 300-0343
mark@javitchlawoffice.com

Attorney for Plaintiff
*and the Putative Class*